### WEAVER v WEAVER

Ohio Appeals, 2nd Dist, Greene Co

No 375. Decided March 28, 1933

Miller & Finney, Xenia, for plaintiff.

Frank L. Johnson, Xenia, and George W. Porter, Greenville, for defendant.

### BY THE COURT

This action was brought by Frank Weaver, the father, against his son, to cancel and set aside a mortgage for $1200.00 and to quiet title.

The plaintiff claims that the mortgage was obtained in bad faith and under circumstances amounting to fraud and that it is without consideration. The son denies the bad faith and avers a sufficient consideration. The case came on for hearing in the Court of Common Pleas, which rendered a judgment in favor of the defendant for the sum of $129.25, with interest, and granted the plaintiff relief as to the balance of the note and mortgage. An appeal was taken by the defendant to this court, and the case was heard here upon the same evidence as in the court below.

We have carefully examined the record in this case. There is nothing presented but an issue of fact.

The first question is whether the father was imposed upon in the execution of the mortgage and whether there is sufficient consideration. We have carefully read the record and considered all the evidence. It appears that the services were rendered several years before the date of the mortgage. The mortgage was given shortly after the marriage of the defendant, and it is claimed that the wife demanded the giving of the mortgage. While it is true the mortgage was given some time after the services and consideration upon which the mortgage was based, it also appears that the defendant, the son, had taken no steps to enforce the mortgage after it was executed in the year 1920 until the year 1932.

We agree with the trial court that the claim for $129.00, which is the unpaid portion advanced by the defendant toward the payment for the burial claim for his mother, was made and formed a portion of the consideration in the mortgage. To that extent the mortgage is valid. There is also another claim represented by the mortgage which we think is clearly established, and that is the sum of $218.00 for the purchase by the father of a horse at a sale. On the day following the sale the father requested that the defendant, John Weaver, sign his note as security. This note was actually paid by the defendant John Weaver and the payment and amount of the note were shown by other and disinterested witnesses. This claim is sufficiently established by the evidence and entered into the consideration of the said mortgage. The mortgage claim is, therefore, sustained as to the sum of these two items, with interest, that is, the item of $129.25, and the item of $218.00. As to the excess above the said two claims the mortgage will be cancelled and set aside.

It also appears from the evidence that this mortgage was given to secure a home for the father during his life. We find from the evidence that the defendant John

Weaver was not to foreclose the mortgage during the period that the father lived in the house.

We are, therefore, of opinion that the defendant was not entitled to foreclose the mortgage until after the death or removal from the premises of the father. The mortgage will, therefore, be set aside as to the excess above the two claims with interest and this decree will require the defendant not to foreclose the mortgage even for the amount of the two claims until the death of the father or his removal from the house. Decree accordingly.

The above opinion was dictated by Judge Allread and concurred in by all the members of the court several weeks prior to the expiration of his term of office.

By inadvertence, however, the opinion was not handed down.

HORNBECK, PJ, and KUNKLE, J, concur.